PAUL JOHNSON v. THE STATE.

No. 7549.    Decided April 18, 1923.

1.—Robbery—Hearsay Evidence—Identification—Accomplice.

Where, upon trial of robbery the defense was an alibi, and in rebuttal the State called an officer who swore that upon hearing of the robbery and after conversation with the accomplice, he arrested the defendant. The court should have sustained the objection to the State's question: "Upon whose information, did you arrest the defendant?" to which he answered that said accomplice had given him the description of defendant, etc., all of which was out of the presence and hearing of defendant. Following Clark v. State, 39 Texas Crim. Rep., 159, and other cases.

2.—Same—Conspiracy—Rule Stated.

Upon trial of robbery, it was error to admit testimony that the accomplice told the witness what he had said in a certain conversation, etc., after the consummation of the conspiracy.

Appeal from the District Court of Jefferson. ˙ Tried below before the Hon. W. H. Davidson.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel* and *Lamar Hart* for appellant.—On question of hearsay evidence, Holmes v. State, 106 S. W. Rep., 1160; Wilkerson v. State, 131 id., 1112; Henry v. State, 221 id., 1083; Taylor v. State, 221 id., 611; Medford v. State, 216 id., 175.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of the offense of robbery, and his punishment fixed at ten years in the penitentiary.

An extended statement of the facts is not thought necessary. Terrell, the alleged injured party, was held up by two men at the point of a pistol and robbed. The robbers had handkerchiefs over their 'aces. They took from him his money, including a twenty dollar

bill.  Buster Hadnot turned State's evidence and testified that he and the appellant were the robbers.  There was evidence corroborative of his testimony, but also evidence tending to establish the defense of alibi interposed by appellant.  He took the witness stand and testified denying his presence at the place of the robbery and participation therein.  He was supported by other witnesses.  On rebuttal the State called officer Whitlock who swore that upon hearing of the robbery and after a conversation with Hadnot, he arrested appellant.  The State asked him the question, "Upon whose information did you arrest the defendant?"  Appellant objected to this and also to the testimony of said witness that Hadnot gave him a description of appellant as the other man who was with him at the time of the robbery, and said that the other man's name was Paul, and that with this description he arrested appellant.  The objection was that it was out of the presence and hearing of the appellant and was hearsay so far as he was concerned.  We find ourselves unable to escape the conclusion that the objection should have been sustained.  We also think that the testimony of said officer to the fact that Hadnot identified appellant after his arrest as being the man who was with him,—and that there was no hesitation in his identification, was inadmissible.  Reddick v. State, 35 Texas Crim. Rep. 467; Clark v. State, 39 Texas Crim. Rep. 159; Murphy v. State, 41 Texas Crim. Rep. 126; Bowen v. State, 47 Texas Crim. Rep. 146; Turman v. State, 50 Texas Crim. Rep. 12; Ripley v. State, 51 Texas Crim. Rep. 132.  These authorities support the proposition that testimony of identification is not admissible to corroborate the accomplice or to support the State's theory in a case like this.

Said witness was also allowed to testify over objection that Hadnot told him where they changed the money and what Hadnot said in this conversation.  This occurred after the consummation of the conspiracy, if any, between Hadnot and appellant and out of the presence and hearing of the appellant, and was clearly inadmissible.  Similar testimony to the above from another officer was also admitted over objection.

For the admission of said evidence, a reversal is ordered.

*Reversed and remanded.*