ROSS SALVARA RAMOS V. THE STATE.

No. 21436. Delivered February 12, 1941.

The opinion states the case.

*L. R. Patton,* of Galveston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for an assault with intent to commit rape. The punishment assessed is confinement in the penitentiary for a term of seven years.

The prosecutrix, a married woman and the mother of a nine-year-old girl, left her home about midnight and went to a saloon operated by Mexicans, where many Mexicans were assembled drinking, dancing and having a hilarious time generally. Just why she went to that place at that time of the night is not disclosed by the record otherwise than that she had had a quarrel with her husband. She admitted that she had been out earlier in the night and partook of three or four drinks of whisky; that while in this Mexican saloon she danced with a Mexican whom she did not know; that when she left the saloon to go home she was overtaken by at least six Mexicans, who dragged her into an alley where they threw her down and appellant got on top of her in an attempt to have sexual intercourse with her. She was unable to identify any of the assailants except the appellant. She reported the occurrence to her husband sometime that morning. She gave the officers a description of her assailants and some twenty Mexicans were arrested. The question of the identity of the appellant as the man who committed the offense was sharply contested.

Appellant's defense was that of alibi and also that he was so highly intoxicated as to be unable to form a specific intent to commit the offense charged.

Appellant reserved a number of exceptions to the admission of the testimony and several exceptions to the court's charge, but in view of the disposition we are making of the case, we deem it necessary to discuss only Bills of Exception Nos. 6, 7 and 9.

Bill of Exception No. 6 shows that the State placed W. J. Burns, one of the officers who arrested appellant, on the witness-stand and propounded to him the following question: "When you brought this defendant to her, did she or not identify him as the party?" The witness replied, "Yes, she identified

him." Bill No. 7 shows that said officer was then asked by the State:

"When you brought this defendant to her, what, if anything, did she say?"

The officer replied:

"When we brought him into the room this woman looked at him and said, 'That is him,' and became hysterical, and she said, 'Please take him out of here'."

The objection to this testimony was that it was hearsay and not corroborative of the testimony of the prosecutrix. We think appellant's position is well founded. The statements made by her to the officers was not a complaint of the transaction soon after its commission. She had already made a report thereof to her husband and to the officers. The fact that she became hysterical and said, "Please take him out of here," and that the officer took appellant out, was hearsay and obviously inadmissible; and the court should have sustained appellant's objection and excluded the testimony. The State could not bolster up the testimony of the prosecutrix by her conduct and by what she said to the officers, unless the defendant had first shown that she made statements after the alleged occurrence at variance with her testimony relative to the identification of appellant. A similar question to the one here presented was discussed by this court in the case of Reddick v. State, 38 S. W. 274; also in Johnson v. State, 250 S. W. 681, and cases there cited, all of which sustain the appellant's contention.

Bill of Exception No. 9 shows that Police Officer, Van de Gear, on direct examination by the State, was asked the following question:

"State whether or not she identified this man as being the man she was charging?"

The officer replied:

"She positively identified him and asked us to please take him out of the room."

What we have said with reference to the foregoing bills of exception applies here and we see no need for a further discussion of the question. That the trial court fell into error in overruling appellant's objections is amply supported by the authorities above cited.

In the case of Johnson v. State, 250 S. W. 681, the offense

charged was robbery. The appellant's defense was alibi. On rebuttal, the State called Officer Whitlock, who swore that upon hearing of the robbery and after a conversation with Hadnot, he arrested the accused. The State asked him the following question, "Upon whose information did you arrest the defendant?" Appellant objected to this and also to the testimony of said witness that Hadnot gave him a description of the appellant as the other man who was with him at the time of the robbery, and said that the other man's name was Paul, and that with this description he arrested the accused. The objection was that it was out of the presence and hearing of the accused and was hearsay. In disposing of the question, Judge Lattimore said:

"We find oursleves unable to escape the conclusion that the objection should have been sustained. We also think that the testimony of said officer to the fact that Hadnot identified appellant after his arrest as being the man who was with him, and that there was no hesitation in his identification, was inadmissible."

A number of cases are cited in support of the proposition that testimony of identification is not admissible to corroborate the accomplice or to support the State's theory in the Johnson case, supra.

The court, among other things, instructed the jury as follows:

"That neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, constitutes in this State any excuse for the commission of crime, nor does intoxication mitigate either the degree or penalty of crime, but evidence of temporary insanity, produced by such recent use of ardent spirits, should be considered in mitigation of the penalty attached to the offense for which the defendant is on trial.

"However, to be considered at all, the use of ardent spirits must have been indulged to the extent of producing temporary insanity, which is that degree of insanity that deprives the person of the capacity and power to distinguish between right and wrong as to the particular act charged against him, etc."

Appellant objected to this instruction because it did not affirmatively present his defense and was a limitation thereon, and requested the court to give the following special charge:

"The jury may take into consideration the evidence before them as to the drunkenness of the defendant at the time of

the said assault, if any was made, in determining whether the defendant had at the time the present ability to have had sexual intercourse with the prosecuting witness and if you find from the evidence that the defendant had no present ability to have said intercourse you will find the defendant not guilty and acquit him."

Appellant also requested the following special charge:

"The jury may take into consideration the evidence before them as to the drunkenness of the defendant at the time of the alleged assault, if any, was made, in determining whether the defendant had at the time the specific intent to commit the offense of rape, as that offense is defined in the charge of the Court."

The court overruled the appellant's objections and declined to give the special requested instructions, to which appellant in due time excepted.

Appellant cites us to the case of Reagan v. State, 12 S. W. 601, as supporting his contention, which it does, but that case was overruled in Evers v. State, 31 Texas Cr. R. 318, and the rule therein announced was followed and adhered to in the following cases: Clinton v. State, 132 Texas Cr. R. 303, 104 S. W. (2d) 39; Kelley v. State, 112 S. W. (2d) 470; Fernandez v. State, 116 S. W. (2d) 1067; Wair v. State, 131 S. W. (2d) 155. We deem the court's charge a correct instruction relative to Art. 36, P. C., on the subject of intoxication produced by the recent use of ardent spirits.

The court's charge as a whole, is deemed a sufficient application of the law to the facts of this case.

For the errors herein discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.