## Manuel De Lira v. State

No. 28,255. October 10, 1956.
State's Motion for Rehearing Overruled January 9, 1957.
State's Second Motion for Rehearing Overruled January 30, 1957.

*William B. Moss,* Sinton, and *Wade* and *Wade,* by *Reese Wade,* Beeville, for appellant.

*John H. Miller,* District Attorney, *Joseph C. Ternus,* County Attorney, and *Wm. E. Nicholas,* Special Prosecutor, all of Sinton, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The conviction is for murder with malice, with punishment assessed at life imprisonment.

The evidence is undisputed that appellant killed the deceased by shooting him with a gun on an occasion when the deceased and his three companions came to the LaFiesta Bar, which was a place operated by the appellant and his son, Adolfo De Lira.

It was the state's theory that the shooting was without any legal justification or excuse and that appellant shot the deceased while he (the deceased) was lying flat on the floor on his back.

Appellant sought to justify the killing on the grounds of defense of his son from an assault being made upon him by the deceased and one of his companions. Appellant testified that he

shot the deceased after he and his companion had knocked his son down and while the deceased was making a hip pocket move.

Appellant's claim of defense of another was supported by the testimony of his son, Adolfo, who, in substance, testified that at the time of the shooting he was being attacked and kicked by the deceased and his companions.

Appellant complains of the testimony of the witness Frank Vanecek as to the statement of the witness Joe Obregon, made to him (Vanecek) in the presence of the appellant.

Among the objections to the statement was that it was inadmissible because appellant was under arrest at the time.

Frank Vanecek, chief of police of the city of Sinton, was called by Adolfo De Lira, the son of appellant, to come to the scene of the killing: a beer tavern operated by appellant and his said son. Upon arriving, Vanecek found the deceased, either dead or in dying condition, lying on the floor of the tavern. He directed that an ambulance be called, and proceeded to close the door to the tavern. He then called a highway patrolman and directed him to get a justice of the peace to hold an inquest. Dr. Deich arrived about that time and pronounced deceased dead.

Thereupon, Vanecek inquired of the appellant as to what had happened there, to which inquiry appellant replied that he had shot the deceased with a pistol. Appellant then produced and delivered to Vanecek the pistol with which he killed the deceased.

Vanecek then asked appellant why he shot the deceased. Appellant's only reply to that question was that "they'd had a fight in there, that Arismendez jumped on Adolfo." The police chief testified, as to no further reply being made: "And they (meaning appellant and his son, Adolfo) never did finish, and Jose Obregon was standing right by me, and he raised his hand up and said, 'Wait a minute, Frank,—that didn't happen that way * * * I'll tell you how it happened, exactly * * * .' "

According to the testimony of Vanecek, the witness Obregon then proceeded to relate, in the presence of the appellant and his son, the incidents leading up to the killing and, in that connection, stated that he saw appellant shoot the deceased twice

and that he, Obregon, then said the appellant: "You don't need to shoot him * * * you shoot him for nothing."

Vanecek testified that such statement of Obregon: "You don't need to shoot him * * * you shoot him for nothing," was denied neither by the appellant nor his son.

The rule is well founded that if appellant was under arrest at the time the statement was alleged to have been made, his silence cannot be used against him as a confession of the truth of the statements made in his presence by anybody. Branch's P.C., Sec. 87, p. 91, 2nd Edition.

All the evidence shows that the appellant was under arrest. Vanecek had been called to the scene of the killing; he had found the body and had closed the front door to the tavern and called for a justice of the peace to hold an inquest; and he had inquired of appellant as to what happened when the latter admitted that he shot the deceased with the pistol which he delivered to the officer.

Whether the accused is or is not under arrest under such circumstances is to be determined—not from what intentions the officer may have had, but from the sufficiency of the facts to reasonably create the impression on the mind of the defendant that he is under arrest. Branch's P.C., Sec. 85, p. 84, 2nd Edition; Summers v. State, 147 Texas Cr. Rep. 519, 182 S.W. 2d 720; Jones v. State, 44 Texas Cr. Rep. 405, 71 S.W. 962; 18 Texas Jur., Sec. 88, at p. 167.

Vanecek did not deny that appellant was under arrest at the time, nor did the appellant testify relative to his impression concerning the matter.

It is a reasonable construction of the facts that all parties considered appellant to be under arrest after his surrender to Vanecek, for, shortly thereafter, he made a written confession, while under arrest, to the district attorney.

The case of Jones v. State, supra, appears to be directly in point here. A reference to Shepard's Citations shows that it has been consistently followed.

There is no escape from the conclusion that appellant was under arrest when Obregon made the alleged statement: "You don't need to shoot him * * * you shoot him for nothing." That statement, therefore, should have been excluded.

But the receipt in evidence of Obregon's statement was not admissible, alone because appellant was under arrest at the time; other reasons exist whereby it was not admissible.

We call attention to the fact that after the statement had been received in evidence, over appellant's objection, the witness Obregon was called by the appellant and, by his testimony, showed that he was not a witness to the killing and did not see appellant shoot the deceased or know anything about the facts immediately preceding the killing, because he was outside the building when he heard the shots fired.

Obregon's statement that appellant killed deceased "for nothing" was therefore not anything more or less than an opinion or conjecture; it was not founded upon any fact or facts within his knowledge. The statement should have been excluded because of the absence of any evidence that Obregon was authorized to make the accusation that he did therein.

Under the facts in this case it is impossible to know what Obregon was talking about when he made the statement.

Attention is called to this further fact:

It is only by Obregon's statement that it can be said from this record that appellant's theory of a killing in self-defense and in defense of his son, Adolfo, was attacked. No witness testified in denial of appellant's theory of the killing.

It should also be pointed out that there was no contention that Obregon's statement was a part of the res gestae.

The harm in admitting Obregon's statement can hardly be doubted, especially in view of the sentence of life imprisonment in this case.

The other questions presented on appeal will hardly arise from another trial. Therefore, no useful purpose would be served by a discussion thereof.

For the error pointed out, the judgment of the trial court is reversed and the cause is remanded.

### ON STATE'S MOTION FOR REHEARING

BELCHER, Judge.

The state points out that the appellant did not object to the

testimony of the witness Frank Vanecek as to the statement of the witness Joe Obregon made to him (Vanecek) in the presence of the appellant on the ground that the appellant was under arrest as stated in our original opinion. A re-examination of the record reveals that the objections made to such testimony did not include as a basis therefor that the appellant was at such time under arrest. The opinion is incorrect in stating that such objection was among the objections to said statement.

The objections made to that portion of witness Vanecek's testimony here in question were as follows: "We'll object to that as being hearsay. The witness is present, it's not the best evidence, and not a part of the res gestae."

The original opinion clearly shows that the statement of Obregon to the witness Vanecek that the appellant killed the deceased "for nothing" as testified to by Vanecek is not founded upon any fact or facts within Obregon's knowledge.

The statement of Obregon, as testified to by Vanecek, under the facts and circumstances here presented, could rise no higher than hearsay testimony. It was injurious to the appellant and presents error. Ramos v. State, 141 Texas Cr. Rep. 126, 147 S.W. 2d 809.

We have again considered the record in the light of the state's contention that the statement complained of was a part of the res gestae and have concluded that the facts herein do not bring the statement within such rule.

The state's motion for rehearing is overruled.

Opinion approved by the Court.

ON STATE'S SECOND MOTION FOR REHEARING

MORRISON, Presiding Judge.

The state, through her district attorney, has filed a forceful second motion for rehearing in which it is contended that, though the statement of Obregon was hearsay, it was admissible as an exception to the hearsay rule. The fallacy in such a position is that the statement of Obregon and the failure of the appellant to reply to such statement both occurred while the appellant was under arrest, and therefore cannot constitute an exception to the hearsay rule. In Moree v. State, 147 Texas Cr.

Rep. 564, 183 S.W. 2d 166, the court had before it a comparable situation and said:

"It must be remembered that, in cases of this character where hearsay testimony is sought to be used against an accused and identifying him as the guilty party, the burden is upon the State to show that such testimony falls within an exception which authorizes the introduction of such testimony. Unless, then, the testimony is shown to fall within the exception, its admissibility has not been established."

Later in the opinion the court, in referring to testimony admitted over the objection that it was hearsay, said:

"The trial court entertained the view, as shown by the qualification to the bill of exception, that the testimony was admissible on the theory that it was a conversation which took place in the immediate presence and hearing of the defendant and was such an accusation as called for a reply on his part. Ordinarily, the rule is that when a statement is made in the presence of an accused which he understands, and it calls for a reply on his part, his silence or acquiescence may be shown as a confession. An exception to the rule is that it has no application when the accused is under arrest, for, under such circumstances, he is under no burden of replying."

The cases relied upon in this motion all relate to situations where the accused was not under arrest.

Remaining convinced that we properly disposed of this cause originally, the state's second motion for rehearing is overruled.