**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Ronald Eugene RITTER, Defendant-Appellant.**

**No. 71–1159.**

United States Court of Appeals, Tenth Circuit.

March 16, 1972.

Victor R. Ortega, Stephen L. ReVeal, Albuquerque, N. M., and Mark B. Thompson, III, Las Cruces, N. M., for plaintiff-appellee.

Walter R. Parr, Window Rock, Ariz., for defendant-appellant.

Before HOLLOWAY and DOYLE, Circuit Judges, and DAUGHERTY, District Judge.

DAUGHERTY, District Judge.

After failing to pay for gas at Las Cruces, New Mexico, Appellant and his companion were stopped in a car by a New Mexico State Policeman. The car appeared to the officer to be "hot-wired". Appellant was arrested, given the Miranda warnings before being placed in the patrol car and again after being placed therein. Appellant refused to sign a waiver of rights form. The companion in the Appellant's car was questioned separately. Their stories were not in conformity as to where they met. Both confessed that the car was stolen and had crossed a State line.

After being taken to jail the Appellant was interviewed by a Special Agent of the Federal Bureau of Investigation (FBI) after being given the Miranda warnings for the third time. Appellant signed a waiver of rights form after the Miranda warnings were given to him according to the FBI Agent. Appellant denies signing such form at this interview. The FBI conducted a second interview of Appellant after again giving him the Miranda warnings. Appellant states that at this interview he signed a waiver of rights form. Appellant confessed the crime to the FBI.

Before Appellant's jury trial an evidentiary hearing was held by the Trial Court on Appellant's Motion To Suppress the statements made to the Officers in which he confessed the crime. The Trial Court denied the Motion. The Appellant was tried before a Jury. Proper instructions were given to the Jury to the effect that the Appellant's confession must have been voluntarily and understandingly made after being advised of his rights before the same could be considered. The Jury convicted the Appellant of the crime of the interstate transportation of a stolen motor vehicle. 18 U.S.C. § 2312.

Appellant seeks reversal on the ground that his confessions were not voluntarily given. He points to a history of employment difficulties, being reared by grandparents, a military discharge for emotional instability, treatment by a psychiatrist, a fear of policemen, being tired and hungry when apprehended and he asserts that he did not think he would be furnished an attorney until the trial. No claim is made that the Miranda warnings were not correctly given on each occasion, that Appellant ever asked for an attorney or that the instructions to the Jury about Appellant's confessions were improper.

Appellant's reliance on Sullins v. United States, 389 F.2d 985 (Tenth Cir. 1968) is not well placed. The later case of Bond v. United States, 397 F.2d 162 (Tenth Cir. 1968) cert. denied 393 U.S. 1035, 89 S.Ct. 652, 21 L.Ed.2d 579, interprets the holding in *Sullins* and establishes the law of this Circuit to the effect that, "We do not read Miranda to hold that 'an express declination of the right to counsel is an absolute from which, and only from which, a valid waiver can flow.'" In *Bond* the Court held, "The circumstances here establish an understanding and voluntary waiver." In United States v. Kienlen, 415 F.2d 557 (Tenth Cir. 1969) it was said that a valid waiver, "may be shown by the circumstances of the case."

The Trial Court and then the Jury found Appellant's confessions under the circumstances to have been voluntarily and understandingly given after proper Miranda warnings. We join their conclusions under the evidentiary record herein. Appellant was given proper Miranda warnings in advance of his confessions. His initial refusal to sign a waiver form does not in itself invalidate a subsequent confession. His claims of instability, employment difficulties, psychiatric treatment, fear of policemen and being tired and hungry will not serve to overcome confessions given after proper Miranda warnings with no evidence of force, threats or promises being used to obtain the confessions. His erroneous conclusion asserted now that he would not be furnished an attorney until trial is incompatible with the contents of admitted correct Miranda warnings. The record clearly reveals that Appellant was given the Miranda warnings immediately following his arrest and three additional times thereafter; that he understood his rights and thereafter voluntarily confessed his crime without force, threats, promises or coercion being used to obtain the same.

Affirmed.