**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Billy Ray ADAMS and William Pickens Adams, Jr., Defendants-Appellants.**

Nos. 72-1444, 72-1445.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 1972.

Robert D. McDonald, Asst. U. S. Atty. (Richard A. Pyle, U. S. Atty., on the brief), for plaintiff-appellee.

John M. Butler, Muskogee, Okl., for defendants-appellants.

Before BREITENSTEIN and McWILLIAMS, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

Defendants-appellants Billy Ray Adams and William Pickens Adams were indicted for various offenses relating to the illegal production of distilled spirits, in violation of 26 U.S.C. §§ 5601(a)(1), 5601(a)(4), 5601(a)(7), 5681(c), and 5686(a). Billy Ray was convicted on two counts and William on all five. Both have appealed.

Defendants attack the sufficiency of the evidence. Government agents had a still site under surveillance for several weeks. On the day of the arrests, three agents approached the site and heard metallic noises suggesting that the still was in operation. The agents separated to surround the site. During the half-hour of observation one agent heard a person say, "Is it running yet, Bill?" William saw one of the agents and began to flee. An agent saw Billy Ray run from a position near a water pump, the hose from which ran to a mash barrel. Defendants were chased, captured, and returned to the still site, where William picked a cap off the ground and Billy Ray picked up a shirt which he put on. The still was in operation when the group returned to the site. William admitted ownership of the still. The evidence is sufficient to sustain the convictions. Thomas v. United States, 10 Cir., 409 F.2d 730, 731.

Upon the return of the group to the still site, the agents gave the usual Miranda warning to the defendants. At the time all the members of the group were standing within a few feet of each other and Billy Ray was next to William. Without questioning by the agents William said that the still was his and that "that was the first time that Billy Ray had been down to the still." Billy Ray remained silent and made no response.

Defendants moved to suppress the statement on constitutional grounds. A hearing was held at which William denied making the statement and Billy Ray testified that he did not hear the statement made. The court denied the motion. The statement was received at the trial over objection. The court instructed the jury that if they accepted William's statement it would be inconsistent with a finding that Billy Ray was the owner.[1]

Defense counsel made no objection to this portion of the instructions. Billy Ray was convicted on counts three and four, which did not require proof of possession, and also on count five which did require such proof. He was acquitted on count one which required possession. The court set aside the guilty verdict on count five as inconsistent with the acquittal on count one and sentenced Billy Ray on the other two counts.

---

1. The pertinent portion of the instructions is:

"* * * you may accept the statement of William Pickens Adams with respect to—as evidence of his ownership of the still, and of the property, but if you do, then, of course, that would be inconsistent with finding that Billy Ray owned it. It is not inconsistent with the other three charges. The making and fermenting of mash, the engaging in the business of a distiller without giving bond, and the working at a still, or engaging in distilling activities at an unregistered still site."

The argument for Billy Ray is that the receipt of the statement in evidence violates Bruton v. United States, 391 U. S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. In Bruton a government agent testified to an extrajudicial statement made by one defendant inculpating the second defendant. The confessing defendant did not testify. The Court held that the receipt of the statement violated the other defendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. 391 U.S. at 137, 88 S.Ct. 1620, 20 L.Ed.2d 476. The language of Bruton suggests that it applies only to inadmissible hearsay, 391 U.S. at 128, n. 3, 88 S.Ct. 1620, 20 L.Ed.2d 476, and we have so held, United States v. Cox, 10 Cir., 449 F.2d 679, 688–689, cert. denied 406 U.S. 934, 92 S.Ct. 1783, 32 L.Ed.2d 136.

■ A declaration of one defendant made in the presence of another defendant, under circumstances warranting an inference that the other defendant would naturally have contradicted it if he did not assent, is admissible. United States v. Steel, 10 Cir., 458 F.2d 1164, 1166. The theory is that it is an admission against interest of the silent party and therefore within an exception to the hearsay rule. Martinez v. United States, 10 Cir., 295 F.2d 426, 429.

■ The argument is that the mentioned rule is not applicable here because Billy Ray had just received the Miranda warning which recites the suspect's right to remain silent, and that in such circumstances a person would not naturally contradict the statement even if he did not assent. The difficulty is compounded by the fact that the statement is both exculpatory, on the possession counts, and inculpatory, on the nonpossession counts, so far as Billy Ray is concerned. In the circumstances, we believe that silence of Billy Ray did not bring the statement within the exception to the hearsay rule.

The impact of the statement must be judged under the harmless error standards of Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, and Harrington v. California, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284. The observations of the agents which placed Billy Ray at the pump connected with the mash barrel, the absence from the site of persons other than Billy Ray and William, their flight, the fact that the still was in operation when the agents returned them to the site, and Billy Ray's retrieval of his shirt at the site point overwhelmingly to his guilt on the nonpossession counts. We believe that the receipt of the statement "was harmless beyond a reasonable doubt," 386 U.S. at 24, 87 S.Ct. at 828, and that the average juror would not have found the prosecution's case significantly less persuasive had the testimony been excluded. Schneble v. Florida, 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340. Accordingly, the receipt of the statement was harmless error.

■■ William Adams contends that the admission of his statement was error because there was no effective waiver of counsel at the time it was made. In Bond v. United States, 10 Cir., 397 F.2d 162, 165, cert. denied 393 U.S. 1035, 89 S.Ct. 652, 21 L.Ed.2d 579, we held that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does not hold that " 'an express declination of the right to counsel is an absolute from which, and only from which, a valid waiver can flow'." Whether a waiver is understandingly and voluntarily made may be established by the circumstances of the case. United States v. Ritter, 10 Cir., 456 F.2d 178, 179. At the suppression hearing, William testified that he understood the rights which were read to him. The statement to which objection is made came spontaneously and without any questioning by an agent. The fact that William may have intended the statement not to incriminate himself but to exculpate Billy Ray does not vitiate the voluntariness of the statement. Cf. United States v. Tafoya, 10 Cir., 459 F.2d 424. The record shows both understanding and a voluntary statement.

Affirmed.