**Andrew GIBSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48849.**

Court of Criminal Appeals of Texas.

Dec. 11, 1974.

---

———◆———

Thomas D. Prichard, Austin, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough & Donald Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is taken from a conviction for the offense of rape; punishment was assessed by a jury at death but was commuted to life imprisonment by Governor Preston Smith on September 14, 1972. Counsel for the appellant originally filed a brief reciting that he could find no grounds of error and that the appeal was frivolous and without merit. A supplemental brief was filed later, citing one possible ground of error and asserting there were no others.

The appellant was convicted as one of the participants in the brutal rape of a high school girl. He was positively identified by the prosecutrix and his fingerprint was found in her car where the rape was alleged to have occurred.

The ground of error concerns the admission of certain testimony from Officer Loesch of the Harris County Sheriff's Office:

"Q. [Mr. Lambert, Prosecuting Attorney]: Now, let's go back to the time when Rena Gibson, this Defendant's wife, invited you to go into that home, when he was apprehended at the back door, was there some conversation in this Defendant's presence with this Defendant's wife

there in the presence of Mr. Schultea?

"A. Yes, sir.

"Q. Did you ask her what time her husband had come home that morning?

"A. Yes, sir.

"MR. PRITCHARD [Defense Attorney]: I am going to object to that, Your Honor, that is leading.

"THE COURT: Try not to lead your witness, please.

"Q. [Mr. Lambert]: What was the substance of the conversation?

"MR. PRITCHARD: Objection to that as hearsay, Your Honor.

"THE COURT: Overruled.

"MR. PRITCHARD: Note my exception.

"Q. [Mr. Lambert]: Was that conversation had in this Defendant's presence, where he could hear it?

"A. Yes, it was.

"Q. What was that conversation?

"A. I asked her if her husband had been gone during the night and she said, 'Yes,' and I said, 'What time did he come in?' and she said, 'Sometime about 6:00 or 6:30 in the morning,' that is on the morning of April the 20th, 1969.

"Q. Did she tell you what he looked like when he came in?

"A. Yes, sir.

"Q. What did she tell you?

"A. She told me that he was dressed just in a tee shirt and said he had on tennis shoes and that he had on a pair of black or blue trousers that were torn all to shreds, that they were just tore up.

"Q. Is there any kind of washateria there in that apartment unit?

"A. Yes, sir.

"Q. And is it located separate and apart from this particular apartment?

"A. Yes, sir, it is.

"Q. Did you go over to that washateria?

"A. Yes, I did.

"Q. Did you recover anything from one of those washers?

"A. Yes, sir, I did.

"Q. What did you recover?

"A. I recovered some white tennis shoes and a pair of torn up blue or black trousers and a tee shirt.

"Q. Had they been washed?

"A. Yes, they had.

"Q. Did this Defendant's wife tell you who washed those clothes?

"A. Yes, she did.

"Q. What did she say?

"A. She said her husband came in very dirty with his clothes torn to shreds and he took them to the washateria, put them in a washer and had them washed.

"Q. He did it himself?

"A. Yes, sir.

"MR. LAMBERT: I pass the witness."

The objection made at trial was that the proffered testimony was inadmissible hearsay. That contention is not made by counsel in his ground of error on appeal as it must be to allow review. Art. 40.09, § 9, Vernon's Ann.C.C.P.

On appeal the single ground of error is that the testimony was admitted in violation of Art. 38.11, V.A.C.C.P., because a statement of his wife was used against the appellant. No objection on that ground was made at trial. The appellant contends that the prohibition in Art. 38.11 is so

fundamental that it cannot be waived, citing Woodall v. State, 58 Tex.Cr.R. 513, 126 S.W. 591 (1910); Brock v. State, 44 Tex.Cr.R. 335, 71 S.W. 20 (1902). See also Johnigan v. State, 482 S.W.2d 209 (Tex.Cr.App.1972); Carabajal v. State, 477 S.W.2d 640 (Tex.Cr.App.1972); Bush v. State, 159 Tex.Cr.R. 43, 261 S.W.2d 158 (1953). However, these cases are ones in which the spouse had actually testified or had been called to testify for the State. Where a spouse makes a statement to a third person in the presence of the defendant-spouse or to the defendant-spouse in the presence of a third person, that statement cannot be intended to be a privileged communication protected by Art. 38.11, and it is admissible unless otherwise prohibited by the hearsay rule. Stallings v. State, 476 S.W.2d 679 (Tex.Cr.App.1972); Matlock v. State, 373 S.W.2d 237 (Tex. Cr.App.1963); Morris v. State, 150 Tex. Cr.R. 58, 198 S.W.2d 901 (1947); Oakley v. State, 125 Tex.Cr.R. 258, 68 S.W.2d 204 (1934). See also Jones v. State, 501 S.W. 2d 308 (Tex.Cr.App.1973).

The ground of error is overruled.

Art. 40.09, § 13, V.A.C.C.P., requires we review any unassigned error deemed necessary in the interest of justice. Inherent in the use of a statement made in the presence of the appellant is the assumption that his silence implies a tacit acceptance or adoption of the statement as true. Since the appellant was under arrest at the time of the exchange in his presence, the use of such statement as evidence of guilt is in essence a penalty for his exercise of the constitutional right to remain silent. Such use was specifically prohibited in Miranda v. Arizona, 384 U.S. 436, at 468, n. 37, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See also Commonwealth v. Dravecz, 424 Pa. 582, 227 A.2d 904 (1967); State v. Kelsey, 201 N.W.2d 921 (Iowa 1972); Luallen v. Neil, 453 F.2d 428 (6th Cir. 1971), affirming In Re Luallen, 321 F.Supp. 1236 (E.D.Tenn.1970); United States v. Adams, 470 F.2d 249 (10th Cir. 1972). The use of silence while under arrest has also long been proscribed as an exception to the hearsay rule in Texas. DeLira v. State, 164 Tex.Cr.R. 194, 297 S.W.2d 953 (1957); Johnson v. State, 167 Tex.Cr.R. 382, 320 S.W.2d 831 (1959); Moree v. State, 147 Tex.Cr.R. 564, 183 S.W. 2d 166 (1944). However, an accused's acquiescence by silence in a statement that he heard and understood, that was made by a third person while the accused was not under arrest and that would call for a denial of guilt, may be used as evidence at trial through a tacit admission exception to the hearsay rule. Stallings v. State, supra; Miller v. State, 143 Tex.Cr.R. 430, 158 S.W.2d 804 (1942).

■ There was no objection at trial in this case that this statement was made while the appellant was under arrest, and no ground of error on appeal. It has repeatedly been held that even constitutional guarantees can be waived by failure to object properly at trial, including an illegal arrest, Bardwell v. State, 489 S.W.2d 627 (Tex.Cr.App.1973); Bowie v. State, 401 S.W.2d 829 (Tex.Cr.App.1966), the admission of the fruits of an illegal search, Ashford v. State, 502 S.W.2d 27 (Tex.Cr.App. 1973); Mortier v. State, 498 S.W.2d 944 (Tex.Cr.App.1973); Northcutt v. State, 478 S.W.2d 935 (Tex.Cr.App.1972); Brown v. State, 457 S.W.2d 917 (Tex.Cr.App.1970); Perez v. State, 394 S.W.2d 797 (Tex.Cr.App. 1965), an improperly conducted lineup or tainted identification, Robinson v. State, 502 S.W.2d 819 (Tex.Cr.App.1973); Lee v. State, 459 S.W.2d 851 (Tex.Cr.App.1970), and the voluntariness of a confession, Taylor v. State, 489 S.W.2d 890 (Tex.Cr.App. 1973); Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972); Harris v. State, 465 S.W.2d 175 (Tex.Cr.App.1971); Born v. State, 411 S.W.2d 739 (Tex.Cr.App.1967). We therefore hold that error, if any, in the use of the appellant's silence as an admission was waived by the failure to properly call the objection to the attention of the trial court.

■ Even if the correct objection had been made and overruled at trial, the error

would have been harmless. There was a positive identification of the appellant by the prosecutrix. His fingerprint was found in the car where the rape occurred. This was not a circumstantial evidence case, and the clothes of which his wife spoke were not shown to the jury or introduced into evidence. The evidence of the guilt of the appellant is not significantly enhanced by this testimony, and if there had been error it would be harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); United States v. Adams, supra; State v. Kelsey, supra.

Counsel for the appellant, who was retained for trial and appointed by the court on appeal, asserts that further grounds of error would be frivolous and without merit, and that the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), have been satisfied. The appellant has been provided with a copy of the brief. We have found nothing else in the record requiring review under Art. 40.09, § 13, V.A.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.