TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00276-CR







Donna Monique Bowman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-94-314, HONORABLE JACK ROBISON, JUDGE PRESIDING







 A jury convicted appellant Donna Monique Bowman of aggravated assault with a deadly
weapon. See Tex. Penal Code Ann. § 22.02(a) (West 1994). (1) The court sentenced her to confinement
for twelve years. Bowman appeals her conviction in five points of error. We will affirm the judgment of
conviction.


BACKGROUND

 The record reveals that on the evening of June 10, 1994, Bowman approached the victim
and the victim's boyfriend and asked for a ride to Austin. Bowman touched the victim's boyfriend in a
manner that angered the victim. After an argument, Bowman allegedly struck the victim with a "lipstick
knife" (2) in an overhand blow to the head. 

 Police officers Chase Stapp and Loy Locke arrived at the scene within five minutes after
the offense occurred and found the victim bleeding profusely from the head. Officer Locke found a "lipstick
knife" with blood on it at the crime scene. Officer Stapp interviewed three people who professed to
witness the attack. Officer Stapp also saw the wound on the victim's head. Bowman was subsequently
arrested for and charged with assaulting the victim with the knife.

 At trial, the State called the victim, who testified pursuant to subpoena as a hostile witness. 
The State also called Officers Stapp and Locke. The State did not, however, call the three eyewitnesses. 
Instead, the State elicited the substance of the eyewitnesses' statements from Officer Stapp. Bowman
objected to the first question as calling for hearsay, but the trial court overruled the objection and admitted
the officer's testimony as falling under the excited utterance exception to the hearsay rule. See Tex. R.
Crim. Evid. 802(3). Bowman's first three points of error relate to the State's introduction of the
eyewitnesses' statements through the testimony of Officer Stapp. In her last two points, Bowman
challenges the legal sufficiency of the evidence supporting the conviction.


DISCUSSION

 In points of error one, two, and three, Bowman argues the trial court erred in admitting the
eyewitnesses' statements as excited utterances. Specifically, she contends the trial court's ruling did not
meet the requirements of Texas Rule of Criminal Evidence 803(2) and the confrontation clauses of the
United States and Texas Constitutions. See U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. R. Crim.
Evid. 803(2). 

 The State responds first that Bowman did not preserve the alleged error for review. 
Bowman did not object before the trial court to the line of questioning on any constitutional ground. A
defendant may waive even errors of constitutional dimension by failing to object at trial. E.g., Gibson v.
State, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974). Only fundamental error survives the failure to
object. See Tex. R. Crim. Evid. 103(d). Errors that affect a defendant's right to confront accusers are not
fundamental error. Briggs v. State, 789 S.W.2d 918, 921 (Tex. Crim. App. 1990). Consequently,
Bowman waived her constitutional points by failing to object on constitutional grounds.

 With respect to the hearsay issue, Bowman objected only to the first of many questions the
State directed to Officer Stapp regarding the eyewitnesses' statements. Bowman did not attempt to make
a running objection and did not ask for a hearing on the issue outside the jury's presence. She, therefore,
failed to preserve her complaint. Ethington v. State, 819 S.W.2d 854, 859-60 (Tex. Crim. App. 1991). 


 Even if Bowman had properly preserved her arguments and assuming without deciding that
the testimony was inadmissible, the alleged error was harmless. The testimony to which Bowman objects,
namely Officer Stapp's relation of the eyewitnesses' statements, revealed only: (1) the impetus for the
argument between Bowman and the victim; (2) that Bowman struck the victim on the head with an
overhand blow; and (3) that the victim's head bled profusely immediately following the blow. Bowman did
not object to Officer Locke's testimony that: (1) when he arrived at the scene he observed the victim was
bleeding; (2) it appeared the victim had been "cut or stabbed by an object;" (3) the victim told him
Bowman had assaulted her; and (4) he found a "lipstick knife" at the scene of the offense. Nor did
Bowman object to Officer Stapp's testimony that: (1) the knife found at the scene was still wet with blood
when he arrived; and (2) based on his experience, he could tell the cut on the victim's head was not one
made by a fist but was most likely made with a blade. Most importantly, the victim herself testified: (1)
about the impetus for the argument; (2) that Bowman struck her in an overhand blow; and (3) after the fight,
she had to go to the hospital to get stitches in her head. In light of the evidence to which Bowman did not
object, we hold that the admission of Officer Stapp's testimony about the eyewitnesses' statements was
harmless. It could not have disrupted the juror's evaluation of the evidence so as to taint the conviction. 
See Harris v. State, 790 S.W.2d 568, 587-588 (Tex. Crim. App. 1989). Accordingly, we overrule
points of error one, two, and three.

 In point of error four, Bowman contends the evidence is legally insufficient to sustain the
jury's determination that the alleged offense was committed with a knife. In deciding a legal sufficiency
point, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). Viewed
in this light, the evidence detailed above supports the inference that Bowman struck the victim with a knife. 
We conclude the evidence is legally sufficient to support the conviction and we overrule point of error four. 


 In point of error five, Bowman submits two sentences arguing the evidence is insufficient
because the State failed to explain or account for the absence of the eyewitnesses at trial. Bowman cites
two cases in support of her argument: Morris v. State, 446 S.W.2d 880 (Tex. Crim. App. 1969) and
Ysasaga v. State, 444 S.W.2d 305 (Tex. Crim. App. 1969). In both cases, the court of criminal appeals
reversed convictions because the evidence was insufficient. The court in Morris noted the absence of
testimony from a key witness. Bowman does not explain, however, how either case imposes a general duty
on the State to account for the absence of witnesses it does not call. We do not read either case as
imposing such a duty and we overrule Bowman's fifth point of error.


CONCLUSION

 Having overruled all of Bowman's points of error, we affirm the judgment of conviction.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 23, 1997

Do Not Publish
1. The law applicable to this case is that in effect before the 1994 amendments to the Texas Penal
Code. Because the 1994 amendments do not pertain to any issue in this case, we cite the current code for
convenience.
2. A "lipstick knife" is a small retractable blade encased in the type of container that usually holds
lipstick.



 Only fundamental error survives the failure to
object. See Tex. R. Crim. Evid. 103(d). Errors that affect a defendant's right to confront accusers are not
fundamental error. Briggs v. State, 789 S.W.2d 918, 921 (Tex. Crim. App. 1990). Consequently,
Bowman waived her constitutional points by failing to object on constitutional grounds.

 With respect to the hearsay issue, Bowman objected only to the first of many questions the
State directed to Officer Stapp regarding the eyewitnesses' statements. Bowman did not attempt to make
a running objection and did not ask for a hearing on the issue outside the jury's presence