NUMBER 13-03-384-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

RODNEY EDWARD HOWARD,                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 351st District Court
of Harris County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

            Appellant, Rodney Edward Howard, brings this appeal following a conviction and
thirty-two year sentence for possession of a controlled substance. The trial court has
certified that this case “is not a plea-bargain case, and the defendant has the right of
appeal.” See Tex. R. App. P. 25.2(a)(2). By two points of error, appellant contends
the trial court committed reversible error in admitting certain testimony over objection. 
We affirm.
I. FACTS
         As this is a memorandum opinion, and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. PRESERVATION OF ERROR
         By two points of error, appellant contends the trial court erred in admitting an
officer’s testimony that appellant did not give a written or oral recorded statement
when the officer tried to obtain identifying information. Appellant claims the testimony
regarding his post-arrest silence violated his state and federal rights to remain silent. 
See U.S. Const. amend. V; Tex. Const. art. I, § 10. 
         To preserve error for appellate review, a party must make a timely, specific
objection at the earliest possible opportunity. Tex. R. App. P. 33.1(a); Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Generally, an objection should be made
as soon as the ground for objection becomes apparent. Lagrone v. State, 942 S.W.2d
602, 618 (Tex. Crim. App. 1997); Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim.
App. 1995). If a defendant fails to object until after an objectionable question has
been asked and answered, his objection is untimely and error is waived, unless the
defendant can show a legitimate reason to justify the delay. Lagrone, 942 S.W.2d at
618; Dinkins, 894 S.W.2d at 355. In addition, even constitutional errors may be
waived. See Wheatfall v. State, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994);
Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); Gibson v. State, 516
S.W.2d 406, 409 (Tex. Crim. App. 1974).
         In this case, appellant failed to preserve error because his objection came after
the question was asked and answered and appellant did not show a legitimate reason
justifying the delay in objecting. See Lagrone, 942 S.W.2d at 618; Dinkins, 894
S.W.2d at 355. The officer was asked whether appellant had given any written or oral
recorded statement, the officer answered in the negative and defense counsel
subsequently objected. The objection was untimely, as it should have been made as
soon as the ground for objection became apparent. See Lagrone, 942 S.W.2d at 618;
Dinkins, 894 S.W.2d at 355. 
         For these reasons, we find the objection was untimely, and therefore, appellant
failed to preserve error. Appellant’s two points of error are overruled. 
III. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed. 
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 29th day of July, 2004.