# NO. 12-23-00293-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN EARL BENNETT,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### MEMORANDUM OPINION

Justin Earl Bennett appeals his conviction for murder. He presents three issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by indictment with murdering Deon Bailey. He pleaded "not guilty," and the matter proceeded to a jury trial. At trial, Appellant admitted shooting and killing Bailey at a public outdoor event; however, he claimed he did so in self-defense. According to Appellant, he and Bailey argued and "tussled," and Appellant fell to the ground. Appellant then left the event on foot and walked home to clean up. He returned to the event in his girlfriend's car, retrieved his girlfriend's nine-millimeter handgun from the console, and confronted Bailey again. The two began fighting and, according to Appellant, began struggling over the gun. Appellant managed to disengage and shot Bailey in the thigh and head, killing him. Appellant

fled the scene in his girlfriend's car, and eventually fled into the woods on foot. He turned himself in to the authorities four days later. The jury ultimately found Appellant "guilty" and sentenced him to fifty years imprisonment. This appeal followed.

## RECALL OF WITNESSES

In his first issue, Appellant contends the trial court violated his right to confrontation and due process when it denied his request to recall witnesses for additional cross-examination and impeachment.

During his case-in-chief, Appellant attempted to recall two witnesses, Nashun Cartwright and Simone Rushing. The State previously called both witnesses and Appellant cross-examined them. However, he wished to impeach them with videotaped interviews with law enforcement. After the State objected, Appellant notified the trial court that he had the videos available earlier in the week when the witnesses testified but had not "properly reviewed them." The trial court did not allow Appellant to recall the witnesses. Appellant made no objections at that time and rested.

Now, on appeal, Appellant complains that the trial court's decision violated his right to confrontation and due process. Appellant did not make those objections at trial. To preserve a complaint for appellate review, there must be a timely, specific objection and a ruling by the trial court. *State v. Lerma*, 639 S.W.3d 63, 66 (Tex. Crim. App. 2021); TEX. R. APP. P. 33.1(a). The point of error on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). If a party fails to properly object to constitutional errors at trial, these errors can be forfeited. *Clark*, 365 S.W.3d at 339; *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (waiver of rights to confrontation and due process by failure to object). Because Appellant did not assert that the denial of his request to recall witnesses implicated his rights to confrontation and due process, the trial court had no opportunity to correct any error and Appellant has not preserved this argument for our review. *See Reyna v. State*, 168 S.W.3d 173, 179-80 (Tex. Crim. App. 2005). We overrule Appellant's first issue.

<u>**PROSECUTORIAL MISCONDUCT**</u>

In his second issue, Appellant urges the District Attorney violated his right to due process under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as well as Article One of the Texas Constitution.

At the beginning of his case-in-chief, Appellant attempted to call Justin Carter. When the bailiff called Carter to the stand, he was not present and did not respond. Carter testified two days prior when called by the State. During that testimony, Carter denied seeing Appellant wielding a gun on the night in question, and the State impeached him with his prior statements to law enforcement. Appellant cross-examined Carter and asked that he be subject to recall. The trial court released Carter to return home to Louisiana, subject to recall by Appellant.

On the second day of his case-in-chief, during a hearing outside the jury's presence concerning a different witness, Appellant mentioned Carter. He claimed that Carter could not be found the previous day because he had been arrested. He further asserted that the District Attorney knew of Carter's arrest and failed to inform the trial court. The District Attorney denied hearing Appellant call Carter, and the trial court did not have Carter listed as a witness for that day. Appellant made no further attempts to either call Carter or secure his additional testimony. Nor did he move for a mistrial, seek sanctions against the District Attorney, or file a motion for new trial to develop the issue.

Appellant did not raise a specific objection to the prosecutor's alleged misconduct. *See Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding that appellant had not preserved complaint about prosecutorial misconduct because he did not object on that theory at trial); *Calvert v. State*, No. 02-18-00341-CR, 2020 WL 5241744, at *25 (Tex. App.—Fort Worth Sept. 3, 2020, pet. ref'd) (mem. op., not designated for publication); *see also Clark v. State*, No. 09-20-00083-CR, 2021 WL 5498115, at *7 (Tex. App.—Beaumont Nov. 24, 2021, no pet.) (mem. op., not designated for publication) ("Prosecutorial misconduct is generally an independent basis for objection that must be specifically urged [at trial] in order for error to be preserved.") (quoting *Taylor v. State*, Nos. 09-16-00303-CR, 09-16-00307-CR, 2018 WL 2224126, at *6 (Tex. App.—Beaumont May 16, 2018, pet. ref'd) (mem. op., not designated for publication)). Under *Compton v. State*, we may not consider in our analysis of Appellant's issue any prosecutorial conduct for which Appellant did not preserve a complaint. 666 S.W.3d 685, 731 (Tex. Crim. App. 2023), *cert. denied*, 144 S. Ct. 916 (2024); *see also Mateo v. State*,

3

No. 07-23-00282-CR, 2024 WL 714344, at *1 n.2 (Tex. App.—Amarillo Feb. 21, 2024, no pet.) (mem. op., not designated for publication) (recognizing recent directives regarding error preservation). Because Appellant did not object to the District Attorney's alleged misconduct, this issue is not preserved for our review. We overrule Appellant's second issue.

### FAIR TRIAL

In his third issue, Appellant claims the trial court denied his right to a fair trial when it made comments outside the presence of the jury to the parties regarding the pace of trial.

The parties conducted voir dire and started trial on Monday, October 16, 2023. The State rested on the afternoon of Thursday, October 19. After not being able to call Carter to testify, Appellant took the stand to testify. At 5:15 p.m., the State had not concluded its cross-examination of Appellant. During a bench conference, the trial court asked the parties how much longer the witness and case would take. The trial was adjourned for the day and the trial court stated on the record that it believed the jury was "getting close to checking out" and was "worn out." He then asked the parties to do their "dead-level best to wrap [it] up tomorrow." Again, Appellant made no objection, did not ask the trial court to recuse itself, and did not move for a mistrial or file a motion for new trial.

As stated above, to preserve error for appellate review, the complaining party must make a timely, specific objection and obtain a ruling on the objection. *Lerma*, 639 S.W.3d at 66; TEX. R. APP. P. 33.1(a). In addition, the point of error must correspond to the objection made at trial. *Clark*, 365 S.W.3d at 339. Even constitutional errors may be waived by failure to object at trial. *Briggs*, 789 S.W.2d at 924; *Gibson v. State*, 516 S.W.2d 406, 409 (Tex. Crim. App. 1974).

For the first time on appeal, Appellant urges that the trial court's comments suggesting that the parties quickly conclude trial impeded his right to present a defense. However, he did not present that argument or objection to the trial court. And we do not construe the trial court's comments as mandating that trial conclude the following day. Nothing in the record suggests that the trial court's comments in any way impeded Appellant's defense. The right to present a defense and the right to due process are included in errors that can be forfeited by failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). Because Appellant failed to object, he has not preserved this issue for our review. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered July 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2024**

**NO. 12-23-00293-CR**

**JUSTIN EARL BENNETT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 273rd District Court

of Shelby County, Texas (Tr.Ct.No. 2021-CR-21952)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*