**Willie Gray DIXON, Jr., Appellant,**

v.

**STATE OF FLORIDA, Appellee.**

No. 26127.

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1968.

Willie Gray Dixon, Jr., pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Robert R. Crittenden, Asst. Atty. Gen., Lakeland, Fla., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

This is an appeal from a denial of habeas corpus relief to Willie Gray Dixon, Jr., who is serving a Florida state sentence for possession of narcotics. We affirm the judgment of the District Court.

Upon a previous appeal, we remanded for a determination whether the appellant had exhausted his available state remedies. Dixon v. State, 5 Cir. 1968, 388 F.2d 424. The District Court held that the remedies have been exhausted and conducted an evidentiary hearing on the merits of the petition.

The appellant was present and participated in the hearing but did not testify. He and his counsel expressly waived all contentions of the habeas petition except those concerning the validity of the search warrant.

Appellant contends that the search warrant was invalid because:

1. There was no time stated in the affidavit when the informants observed appellant's premises.

2. There was no showing of probable cause, *i. e.*, that the informants were reliable.

3. The warrant was issued by a judge of a juvenile court.

4. The trial court refused to require the prosecution to reveal the identity of the two informants mentioned in the search warrant prior to trial.

Appellant also contends that it was error to admit the search warrant in evidence. At the trial by the court sitting without a jury, however, the appellant's counsel acquiesced in the search warrant's inclusion in the record, reserving his objections that the warrant was invalid. The warrant was admitted as an exhibit of the court.

At the hearing in the District Court, Deputy Sheriff Pendarvis, the officer who made the affidavit and obtained and executed the search warrant, testified. Pendarvis testified that the two confidential informants mentioned in his affidavit were personally known to

him as reliable informants. The court refused to require Pendarvis to reveal their names.

The appellant's former counsel, a Mr. Goldburg, testified that he thought one of the informants was a man named Lara, who had been at the appellant's home on the date the warrant was issued and executed. Lara's attorney had advised appellant's counsel that Lara refused to cooperate in appellant's defense. In Mr. Goldburg's personal opinion, Lara was not a reliable informant, but he did not know whether the police had found Lara reliable or not. The appellant had stated to Attorney Goldburg that Lara left the narcotics at his home on the date the police found them wrapped in a sock in the appellant's pocket.

We observe at this point that the appellant was not charged with sale of the narcotics to the informant as was the case in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). If he had been, *Roviaro* would be inapplicable since the appellant concededly knew Lara's identity, in the event that he desired to present a defense based, *e. g.*, on entrapment. No such defense was alleged at the trial at which the appellant presented no evidence.

The testimony of Deputy Pendarvis that his two informants were known by him to be reliable was uncontradicted. Under the applicable law, the trial court was not required to order the prosecution to reveal their identity. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960).

█ The First Circuit has held that an affidavit for a search warrant which was stated in the present tense was defective for failure to allege the time when the affiant received information from an anonymous informant or the time when the affiant detected the odor of mash outside the premises, in a prosecution for operation of an illegal still.

Rosencranz v. United States, 1 Cir. 1966, 356 F.2d 310. In the case at bar, however, the affidavit states the dates on which the relevant information was received from each of the two informants and one of the three dates on which the affiant personally observed known narcotics addicts going in and out of the described premises. We hold this is sufficient. It is significant that the reports of the informants bracketed the dates of June 1 and June 11, 1964, and on the latter date the warrant was issued and served. The fair inference from this together with Pendarvis' observation demonstrates the existence of probable cause.

> If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965).

█ Appellant's contention that the juvenile judge was incompetent to issue the search warrant has not been presented to any state court for exhaustion of state remedies, and so need not be considered by us in this appeal, 28 U.S.C.A. § 2254. We note in passing that § 39.02 (4), Florida Statutes, F.S.A., provides that a juvenile court judge has the jurisdiction of a committing magistrate, and that § 933.01, Florida Statutes, F.S.A., provides that a search warrant can be issued by a committing magistrate.

We find no reversible error in the proceedings below, including the District Court's holding that the search warrant was valid. Accordingly, the judgment is

Affirmed.