**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Romuel RAMOS and Genovevo Rolando
Ramos, Defendants-Appellants.**

**No. 30615.**

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1971.

Rehearing Denied Oct. 29, 1971.

Theodore Klein, Miami, Fla., Court-appointed, for defendants-appellants.

Robert W. Rust, U. S. Atty., Jose E. Martinez, George A. Kokus, Asst. U. S. Attys., Miami, Fla. by Kenneth G. Oertel, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before COLEMAN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

The defendants, Romuel Ramos and Genovevo Rolando Ramos, were convicted of possessing and uttering counterfeit currency in violation of 18 U.S.C.A. § 472. On appeal both press for reversal of their respective convictions, claiming that the trial court erred in failing to suppress certain incriminating statements made by the defendants during their custodial interrogation

On the evening of October 12, 1969, the defendants were arrested by a state police officer in Key West, Florida, and were transported to the Monroe County Sheriff's office. On the following afternoon, a United States Secret Service Agent from Miami interviewed each defendant separately. Prior to any interrogation of either defendant, the agent advised them of their rights by reading from a *Miranda* card. In addition, each defendant was permitted to read the card himself and both acknowledged that they understood their rights. Thereafter, each defendant was offered an opportunity to sign a printed waiver of rights and both refused. However, notwithstanding such refusals, the agent persisted in interrogation by asking each defendant whether or not he was willing to make a statement. At this point, each of the accused began protesting his innocence, and, by means of further interrogation, the agent elicited from both defendants incriminating statements.

At their subsequent trial, the defendants moved to suppress the introduction of these statements into evidence. After a hearing, the trial court denied the motion, and the defendants appeal that decision.

The government contends that the record reflects that the interrogating officer complied fully with the requirements of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that each defendant "knowingly" waived his rights. However, we disagree. In *Miranda* the Supreme Court stated:

> "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."

384 U.S. at 473–474, 86 S.Ct. at 1627.

In the recent case of United States v. Phelps, 5 Cir., 1971, 443 F.2d 246, this court held that the above-quoted *Miranda* procedure means precisely what it says. In *Phelps* the accused was properly warned of his rights, professed to understand them, and refused to sign a waiver form. Subsequent interrogation, however, resulted in incriminating statements. We were unable to determine whether or not Phelps' situation was controlled by this court's decision in United States v. Hopkins, 5 Cir. 1970, 433 F.2d 1041, wherein it was held that an accused's incriminating statements were admissible when he voluntarily initiated further conversation after he refused to sign a waiver and after the interrogating officer attempted to terminate the interview. In *Phelps*, the court stated:

> "In the present case we are unable to tell whether Phelps validly waived his right to remain silent or not. It is clear that after Phelps refused to sign the waiver, the officers should have ceased interrogating him. It is also clear that subsequent conversation did occur between the investigators and Phelps. The hearing on the motion to suppress does not reveal, however, whether the subsequent questions by the officers were the result of voluntary conversation initiated by Phelps or whether these questions were initiated by the officers themselves without any instigation by Phelps. If the

former situation obtains, then under our decision in *Hopkins*, Phelps' subsequent answers would be admissible. If the latter situation obtains, however, *Miranda* compels that we hold the answers inadmissible. * * * "

*Phelps, supra*, 443 F.2d at 249–250.

In the instant case the record clearly reveals that neither of the defendants voluntarily initiated further conversation subsequent to their refusals to sign a waiver form. Rather, the government agent himself initiated further questioning without any instigation by either defendant. Therefore, under our decision in *Phelps*, we hold that the agent's refusal in this case to terminate each interview violated the Supreme Court's mandate in *Miranda* and that the defendants' incriminating statements were thereby rendered inadmissible.

For the foregoing reasons the defendants' convictions are reversed.

Reversed and remanded.