UNITED STATES of America,
Appellee,

v.

Jerry Lee HOLLIDAY, Appellant.

No. 72–1603.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 9, 1973.

Decided Feb. 27, 1973.

Joe Boatman, Muskogee, Okl., on the brief, for appellant.

Richard A. Pyle, U. S. Atty., and Robert D. McDonald, Asst. U. S. Atty., on the brief, for appellee.

Before SETH, HOLLOWAY and DOYLE, Circuit Judges.

SETH, Circuit Judge.

Defendant appeals from a judgment of conviction entered on a jury verdict for possession of non-tax-paid distilled spirits in violation of 26 U.S.C. §§ 5205(a)(2) and 5604(a)(1).

Defendant raises two issues on appeal. The first concerns the validity of a search warrant, the execution of which resulted in the seizure of evidence used against him at trial. The second issue concerns the voluntariness of an oral confession made by defendant at the scene of the arrest.

On January 31, 1972, the search warrant in dispute was executed at the residence of the defendant and his wife. The search resulted in the discovery and seizure of forty-two gallons of non-tax-paid whiskey. Prior to trial, the defendant moved to have this evidence suppressed on the grounds that the affidavit underlying the search warrant was insufficient to support a finding of probable cause. The motion to suppress was denied and the evidence was introduced at trial.

The affidavit reads:

"On Friday, January 28, 1972, I received information from a confidential informant whom I believe and had been reliable in the past, that Jerry Holiday [sic] had an illicit distillery behind his residence at Counts, Oklahoma, and was a distributor of non-taxpaid distilled spirits at the residence. Jerry Holiday has a record and reputation with Alcohol, Tobacco and Firearms Investigators for being a violator of the internal revenue liquor laws. On Saturday, January 29, 1972, I received information from the same informant that a blue 1969 Ford pickup truck, Arizona license plate No. 6734, with a wood tool box in the back had picked up a load of nontaxpaid distilled spirits at the Jerry Holiday residence at Counts, Oklahoma, during the night of Friday, January 28, 1972, enroute to Oklahoma City. On Sunday, January 30, 1972, I received information from Special Investigator James Wheeler of the Oklahoma City Branch Office that the [sic] and other investigators had arrested Walter Gordon and seized a load of nontaxpaid distilled spirits which was contained in the above-described truck in Oklahoma City during the night of Saturday, January 29, 1972."

Defendant contends that the affidavit was insufficient because (1) it did not reveal the underlying circumstances under which the informant obtained his information; (2) it did not state the time or date on which the informant received the information, and (3) the affiant's knowledge of defendant's reputation, by itself, is insufficient to support a finding of probable cause.

■■ At the outset, it is apparent that affidavits for search warrants must be tested in a common sense and realistic manner, and warrants issued thereon should not be interpreted hypertechnically. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Berry, 423 F. 2d 142 (10th Cir.). Nevertheless, the Fourth Amendment requires that the facts as set forth in the underlying affidavit be sufficient to allow a neutral magistrate to reasonably conclude that probable cause for the search exists.

The essential information in the present affidavit was obtained by the affiant through an unidentified informant. The rules to be followed in testing the validity of such information were announced in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964):

"Although an affidavit may be based on hearsay information and need not reflect direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances

from which the officer concluded that the informant, . . . was 'credible' or his information 'reliable.' . . . "

Defendant properly concedes that the affidavit is sufficient to establish that the informant was "credible." However, defendant contends that the affidavit reveals no underlying circumstances from which to conclude that the informant's information in this case is accurate.

■■ Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), is relied upon by defendant for the proposition that an affidavit is insufficient if it does not state how the informant received his information, i. e., whether by personal observation or by some other person. This reliance is misplaced. Neither the Supreme Court's opinion in Spinelli nor the Constitution make this information an absolute requirement for a valid affidavit.

" . . . In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." Spinelli, supra, at 416, 89 S.Ct. at 589.

As an example, the Court alluded to its prior opinion in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327 (1959), in which the informant had not revealed the way in which he had obtained his information but did supply such detailed facts that, when corroborated, they amounted to probable cause. Likewise, in the instant case, although the informant did not state the manner in which he had received his information, the information was of such detail that when it was corroborated by the affiant on the following day, probable cause had been established. Therefore, the affidavit executed after this corroboration had occurred was not vitiated by the informant's failure to disclose the source of his information.

■■ Defendant next contends that the affidavit is insufficient because it does not state when the informant received his information. Without this information, he argues, there is no way to determine whether or not the facts in the affidavit are too stale to support the warrant. Certainly, " . . . the element of time is crucial to the concept of probable cause." United States v. Johnson, 461 F.2d 285 (10th Cir.). Under some circumstances, the absence of the date on which the informant received his information would be fatal to the warrant. Rosencranz v. United States, 356 F.2d 310 (1st Cir.); United States v. Boyd, 422 F.2d 791 (6th Cir.). See also Spinelli v. United States, 382 F.2d 871 (8th Cir.), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ We agree that the date on the affidavit, standing by itself, does not justify the inference that the information contained therein was received near that date. Where, however, the undated information is factually interrelated with other, dated information in the affidavit, then the inference that the events took place in close proximity to the dates actually given may be permissible. United States v. Bridges, 419 F. 2d 963 (8th Cir.); Dixon v. State of Florida, 403 F.2d 49 (5th Cir.). In this case, the informant told the affiant on January 29, 1972, that the specifically described vehicle containing a load of illicit whiskey was en route to Oklahoma City. The next day, January 30, the affiant learned from another federal agent that the vehicle described by the informant had been stopped in Oklahoma City on the previous night, thus bearing out the accuracy of informant's story. On Monday, January 31, 1972, the search warrant was issued and executed. Under these circumstances, it is clear that the magistrate was entitled to assume that the informant's information was fresh enough to meet probable cause

standards. Therefore, the failure to include in the affidavit the date on which the informant received his information did not, on this set of facts, vitiate the warrant.

Since we have concluded that probable cause for the warrant existed independent of affiant's knowledge of the defendant's reputation, defendant's final point of error relating to the search warrant need not be considered.

■ Secondly, defendant contends that his oral confession made at the scene of his arrest was involuntary and, thus, inadmissible at his trial. However, defendant never objected to the admissibility of the confession, either at the motion to suppress or at the trial itself. Therefore, review by this court is precluded unless the result was a plain error which resulted in manifest injustice. United States v. Sluder, 457 F.2d 703 (10th Cir.). The admission of the confession was not erroneous. United States v. Tafoya, 459 F.2d 424 (10th Cir.); United States v. Adams, 470 F.2d 249 (10th Cir.).

The judgment of conviction is affirmed.

Duniway, Circuit Judge, dissented in statement.