**UNITED STATES of America, Appellant,**

v.

**Jimmy Joy NEAL and C. W. Scott, Appellees.**

**No. 73–1711.**

United States Court of Appeals, Tenth Circuit.

July 22, 1974.

---

5. Conviction on a conspiracy count was upheld.

Robert D. McDonald, Asst. U. S. Atty., for the E. D. Okl. (Richard A. Pyle, U. S. Atty., with him on the brief), for appellant.

Albert R. Matthews of Bonds, Matthews, Bonds & Cartwright, Muskogee, Okl. (Faye Bancroft, Muskogee, Okl., with him on the brief), for appellee Neal.

K. D. Bailey of Bailey, Ash & Romine, Okmulgee, Okl., for appellee Scott.

Before PICKETT, HILL and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

On March 28, 1973, an indictment was returned in the United States District Court for the Eastern District of Oklahoma charging Neal and Scott in various counts with interstate transportation of motor vehicles knowing them to have been stolen. The indictment included a conspiracy count relating to their activities involving the trafficking in stolen automobiles. Prior to the indictment, warrants had been issued by a United States magistrate directing the search of the residences of Neal and Scott, and also a garage building operated by Neal. Relying primarily on Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the trial court in sustaining pretrial motions to suppress, held that the information in affidavits filed by F.B.I. agents was insufficient to establish probable cause for the issuance of the warrants. The United States has appealed.

The question of sufficiency of the showing of probable cause necessary to support a valid search warrant as restricted by the Fourth Amendment is constantly reoccurring. This is particularly true in cases where the factual basis of the supporting affidavits is based on a hearsay report of an informer.

█ It is generally recognized that probable cause is one of probabilities and a valid warrant may issue when the circumstances before a proper officer are such that a person of reasonable prudence would believe that a crime was being committed on the premises to be searched or evidence of a crime was being concealed there. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Garhart v. United States, 157 F.2d 777 (10th Cir. 1946). In United States v. Harris, 403 U.S. 573, 582, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971), quoting from *Brinegar*, the Court said:

. . . Trials are necessarily surrounded with evidentiary rules "developed to safeguard men from dubious and unjust convictions." *Id.*, at 174 [of 338 U.S., 69 S.Ct. 1302, at 1310]. But before the trial we deal only with probabilities that "are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

See also Rosencranz v. United States, 356 F.2d 310 (1st Cir. 1966). The *Harris* case reviewed the decisions on the subject and reiterated the approach to be utilized in evaluating the evidence produced to show the existence of probable cause by quoting from United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), as follows:

. . . [T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

In United States v. Holliday, 474 F.2d 320, 321 (10th Cir. 1973), we said:

. . . [I]t is apparent that affidavits for search warrants must be tested in a common sense and realistic manner, and warrants issued thereon should not be interpreted hypertechnically. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), United States v. Berry, 423 F.2d 142 (10th Cir.). Nevertheless,

the Fourth Amendment requires that the facts as set forth in the underlying affidavit be sufficient to allow a neutral magistrate to reasonably conclude that probable cause for the search exists.

■■ It is now well settled that the facts and circumstances upon which a magistrate may find probable cause for the issuance of a search warrant may be based on reliable hearsay information of criminal activity furnished by an unidentified informer. United States v. Harris, *supra*; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Holliday, *supra*. It has also been held that a reviewing court should give substantial consideration to the determination of probable cause by a "neutral and detached" magistrate. Aguilar v. Texas, *supra*; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); United States v. Ramirez, 279 F.2d 712 (2d Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960).

The three search warrants challenged in this case were supported by separate affidavits of F.B.I. agents. For the search of Neal's home the affidavit stated that concealed there were numerous articles from stolen automobiles or to be used and placed on stolen or altered automobiles and in obtaining titles to the same, "which are fruits, instrumentalities and evidence of the theft, alteration, sale and interstate transportation of stolen automobiles." Attached to the affidavit is a signed supporting statement of another F.B.I. agent which reads:

That Lindsay Darrell Green advised Special Agent Norman C. Hope of the Federal Bureau of Investigation that since about November, 1970, to August, 1971, he had participated in the theft of approximately 50 automobiles and an undetermined number of these automobiles had been taken by him to a garage located near McAlester, Oklahoma, and operated by Joy Jimmy Neal where the serial numbers, VIN number plates and other identifying numbers were altered and changed. He stated that Neal obtained the VIN plates placed on the stolen automobiles together with titles corresponding to these VINs from the above-described apartment. As a result of the information furnished by Green three automobiles which had been stolen as stated by Green have been recovered based upon information furnished by Green to Special Agent Norman C. Hope, Federal Bureau of Investigation.

The affidavit for the search of Neal's garage is substantially the same as the one filed for the search of his home, with the added statement that Green had informed the agent that he transported a stolen truck from the State of Arkansas and delivered it to Neal's garage, where he and Neal altered the identifying plates on the truck. The affidavit for the search of the Scott premises contained information similar to that in the one filed for the search of the Neal garage.

■ It should be noted that the essential information relied on by the agents in making their affidavits did not come from a tip or from an unidentified informer, but from a participant in the alleged criminal activities, and was buttressed by statements that as a result of this information three stolen automobiles had been recovered. "Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." United States v. Harris, *supra*, 403 U.S. at 583, 91 S.Ct. at 2082. We are satisfied that the facts stated in the affidavits, if they were not too remote, were adequate to support a finding of probable cause for the issuance of the warrants. See United States v. Holliday, *supra*; United States v. Koonce, 485 F.2d 374 (8th Cir. 1973); United States v. Guinn, 454 F.2d 29 (5th Cir.), cert. denied, 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1972).

■ Objection is made to the sufficiency of the returns made by the agents

after the execution of the warrants. If there were any inadequacies, they were ministerial with no showing of prejudice. United States v. Kennedy, 457 F. 2d 63 (10th Cir.), cert. denied, 409 U.S. 864, 93 S.Ct. 157, 34 L.Ed.2d 112 (1972).

 A more difficult question arises as to the sufficiency of the showing to the magistrate to support a finding that there was probable cause to believe that a crime was being committed on the premises to be searched at the time of the filing of the affidavits. We are convinced that the remoteness of the information relied upon is such that it will not support the issuance of a valid warrant. The Fourth Amendment contemplates that probable cause for the issuance of a search warrant must exist at the time the search is sought to be made. Probable cause existing at some time in the past will not suffice unless circumstances exist from which it may be inferred that the grounds continued to the time the affidavit was filed. Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932);[1] Durham v. United States, 403 F.2d 190 (9th Cir. 1968); Rosencranz v. United States, *supra*; People v. Siemieniec, 368 Mich. 405, 118 N.W.2d 430 (1962), 100 A.L.R. 2d 522, Anno. 525; 3 Wright, Federal Practice and Procedure ¶ 662 at 23, ¶ 670 at 91 (1969). Each of the affidavits here was dated October 27, 1971. The property alleged to have been concealed on the described premises was automobile identification plates, titles, parts of stolen automobiles, stolen credit cards and other stolen articles, all of which were removable. There is no statement in the affidavits that the affiants had any information as to the existence of the personal property sought to be recovered except that furnished by ·a participant in the handling of stolen automobiles. This participation existed from "about November, 1970, to August, 1971." There is no reference in the af-

fidavits as to what occurred during the three months after the discontinuance of Green's participation and there is no information from which it could be inferred that the operation continued or that the material sought to be recovered remained on the described premises. We find no case which has held that a valid search warrant could issue under these circumstances.

Affirmed.

---

1. In the *Sgro* case, *supra*, at 210 of 287 U. S., at 140 of 53 S.Ct., it is said : "[I]t is manifest that the proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."