UNITED STATES of America, Plaintiff,

v.

Stephen Richard CHAPMAN et al., Defendants.

No. CR–1–80–39–1–2.

United States District Court,
S. D. Ohio, W. D.

Sept. 16, 1980.

See also, D.C., 501 F.Supp. 700.

Terry W. Lehmann, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

Matthew J. Crehan, Hamilton, Ohio, for defendants.

## DECISION ON MOTION TO SUPPRESS ORAL STATEMENT

SPIEGEL, District Judge:

This matter came on for hearing on September 4, 1980, upon the motion of defendant, Stephen Richard Chapman, to suppress an oral statement made by him subsequent to his arrest, and the response by the prosecutor. At the hearing, the Court heard testimony from the defendant and from two special agents of the Federal Bureau of Investigation who participated in his arrest. Upon consideration of the testimony and the arguments of counsel, it is the opinion of the Court that the defendant's motion to suppress is well taken and should be granted for the following reasons.

The evidence disclosed that defendant was arrested on June 9, 1980, in Jacksonville, Florida, outside the parole office at approximately 3:00 P.M., by special agents of the Federal Bureau of Investigation. He was taken by the agents to the FBI Offices in Jacksonville in an automobile. On the way, he was informed of his rights. At that time, he said he did not wish to make any statements. At the FBI Office, defendant was placed in a room where he waited for approximately 45 minutes to be processed. After that period, Special Agent Guy read him his rights from a *Miranda* form which also contained a waiver of rights provision. Defendant said that he understood his rights and refused to sign the waiver.

Agent Bell, who was also present, orally restated defendant's rights and again attempted to get him to sign the waiver form. Agent Bell testified on cross–examination as follows:

"Q. During that period of time, was anybody asking Mr. Chapman any questions?

A. Not to my knowledge, not to my knowledge.

Q. Because he already indicated that he didn't want to answer any questions?

A. I don't recall him indicating that. When I advised him of his rights the second time, he indicated that.

\* \* \* \* \* \*

Q. Okay. And he declined to waive his rights, correct?

A. I didn't give him the form.

Q. Well, according to what Agent Guy told you?

A. Agent Guy told me he declined to sign the form.

Q. In other words, he declined to sign the waiver, correct?

A. Mm–hmm."

Agent Bell, knowing that the defendant had refused to sign the waiver form, began questioning him again:

"Q. I don't want to argue with you. What you're saying, and I think you're saying, you correct me if I'm wrong, that you knew that he did not sign that waiver form, had refused to sign that waiver form when you commenced to interrogate him again; is that correct?

A. That's correct."

Agent Bell knew at the time that he began questioning him that the defendant did not want to answer any questions.

"Q. When you advised him of his rights, did he not answer you that he didn't want to answer any questions?

A. Yes, sir.

Q. And then you commenced to continue asking questions regarding his name?

A. Oh, sure.

\* \* \* \* \* \*

Q. And am I also, in any event, am I also correct in concluding that even after you advised him again of his rights, okay, that you then commenced asking him more questions? Correct?

A. Mm–hmm."

According to the defendant, after he had been read his *Miranda* rights by Agent Guy and refused to sign the waiver of his rights, and indicated that he did not want to answer any questions, Agent Bell began to process him by taking his fingerprints and questioning him concerning his physical characteristics. The defendant answered those questions and at the end of those questions, claims that Agent Bell asked him if he had ever been in Ohio. The defendant replied that he had not been in Ohio for ten years and that he wouldn't answer any questions. It is this remark the defendant seeks to suppress in his motion.

It is a general rule that all interrogation of a suspect must cease if the suspect indicates that he wishes to remain silent. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Smith v. United States*, 505 F.2d 824 (6th Cir. 1974). A refusal to sign a waiver form is a sufficient indication by a suspect that he wishes to remain silent, and it binds a government investigator to cease questioning him. *United States v. Ryan*, 478 F.2d 1008 (5th Cir. 1973); *United States v. Ramos*, 448 F.2d 398 (5th Cir. 1971).

The defendant, in the face of repeated attempts to question him, not only refused to sign a waiver of rights form, but continued to assert that he did not wish to make any statements. There is nothing in the evidence to indicate that the circum-stances were such as to permit a resumption of interrogation once the defendant asserted his right to remain silent. In fact, Agent Bell never stopped in his attempt to elicit information from the defendant. Therefore, defendant's "right to cut off questioning" was not fully respected. *Miranda v. Arizona, supra*, 384 U.S. at p. 479, 86 S.Ct. at p. 1630; *Michigan v. Mosley*, 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). The defendant's statement, that he had not been in Ohio for ten years, obtained under these circumstances, is inadmissible against him at his trial. *Michigan v. Mosley*, 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975).

Accordingly, defendant's motion to suppress his post arrest statement is granted.

SO ORDERED.