**UNITED STATES of America, Plaintiff,**

v.

**Michael Duane GRANT, Defendant.**

**No. 00–40012–01–RDR.**

United States District Court, D. Kansas.

June 8, 2000.

Marilyn M. Trubey, David J. Phillips, Office of Federal Public Defender, Topeka, KS, Michael Duane Grant, Topeka, KS, for Michael Duane Grant, defendant.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S. Attorneys.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon

**1174**

defendant's motion to suppress.[1]

Defendant is charged in two counts. Count 1 alleges that defendant distributed 2.44 grams of crack cocaine on April 6, 1999. Count 2 alleges that defendant distributed 11.7 grams of crack cocaine on June 10, 1999.

The instant motion to suppress is directed to evidence collected during a search of defendant's residence at 632 Leland, Topeka, Kansas on October 22, 1999—more than four months after the date he is alleged to have distributed cocaine. According to the brief of the government, the search produced a pager and a plastic bag with a torn corner.

Two issues are raised in the motion: 1) whether the information in the search warrant application was too stale to support the issuance of a warrant; and 2) whether suppression is justified because information indicating that defendant was not involved with illegal drugs at the time of the warrant was left out of the application.

The search warrant issued for defendant's residence was one of several search warrants applied for in a joint application on October 19, 1999. The information in the application which was specific to defendant's residence stated the following:

**632 SE LELAND**
**MICHAEL D GRANT**

On 4–6–99 the informant purchased 2.65 grams of rock cocaine from **Michael D Grant.** The purchase occurred at **632 SE Leland.** An undercover officer was with the informant except during the exchange of money and drugs. The purchase was audiotaped.

On 6–10–99 the informant purchased 14.2 grams of rock cocaine from **Michael.** This purchase occurred at residence 2. The surveillance team followed a pick up truck, registered from Johnson

Co., from residence 2 back to **632 SE Leland.** Once at the Leland address **Michael** was dropped off and the surveillance stopped after about ten minutes.

I researched the City of Topeka water information for **632 SE Leland** and it shows to **Michael D Grant.** I also researched past arrests for Michael. On 8–19–99 he was arrested for possession of marijuana, drug tax violation and drug paraphernalia. This was a search warrant served by SSO. SSO case # 99–8299 was assigned. On 7–8–99 he was arrested for possession of cocaine, marijuana, drug paraphernalia and endangering a child. SSO case # 99–6707 was assigned. On 4–18–97 he was arrested for possession of marijuana and drug paraphernalia. TPD case # 11475–97 was assigned. On 2–24–97 **Michael** was arrested for possession of marijuana, drug paraphernalia and attempt to elude. SSO case # 97–224 was assigned. On 11–27–96 he was arrested for possession of marijuana, obstruction and attempt to elude. TPD case # 37693–96 was assigned. According to NCIC information **Michael** was convicted on 1–15–93 of conspiracy to possess cocaine. He was sentenced to 2 years of supervised probation. He was also found guilty on 4–4–94 of possession of drug paraphernalia. He was sentenced to 2 years supervised probation.

 When issuing a search warrant, the magistrate judge makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

1. Other pretrial motions have been filed in this case. The court has filed an order denying defendant's motion for discovery relating to selective prosecution. From the pleadings it appears that defendant's motion to strike alias is conceded by the government. That motion shall be granted. It is the court's understanding that the parties have reached an agreement regarding defendant's motion for discovery and defendant's motion for Rule 404(b) disclosure. Therefore, those two motions shall be considered moot.

*Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A magistrate's determination of probable cause is given substantial deference. *Id.* at 236, 103 S.Ct. 2317. Even if probable cause is lacking, a search may be upheld if it is determined that the warrant was facially valid and the executing officers acting in good faith had an "objectively reasonable belief in the existence of probable cause." *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

■ In reviewing the issue of staleness, it is important to look at the nature of the offense and the length of criminal activity, "not simply the number of days that have elapsed." *United States v. Myers,* 106 F.3d 936, 939 (10th Cir.1997). "Where the offense in question is 'ongoing and continuing, the passage of time is not of critical importance.'" *United States v. Le,* 173 F.3d 1258, 1267 (10th Cir.1999) (quoting *U.S. v. Sturmoski,* 971 F.2d 452, 457 (10th Cir.1992)). "Where the affidavit recites a mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." *U.S. v. Johnson,* 461 F.2d 285, 287 (10th Cir.1972).

■ In this instance, the affidavit for the search warrant indicates that there was one sale of rock cocaine by defendant at the address to be searched and that the sale occurred six and one-half months prior to the search. The affidavit describes a second sale by defendant at a different address approximately four and one-half months prior to the search. The affidavit also states that defendant was arrested two months prior to the search for possession of marijuana and drug paraphernalia and that he was arrested for possession of cocaine, marijuana and drug paraphernalia three and one-half months prior to the search. Defendant had other marijuana arrests in 1997 and 1996 and a conviction for conspiracy to possess cocaine in 1993.

There is no allegation that defendant was involved in an ongoing conspiracy or continuous illegal drug activity over a substantial period of time. Indeed, prior to the execution of the search warrant, but apparently after the warrant was issued, defendant indicated in a taped conversation with a confidential informant that he had quit his involvement with drug distribution and had taken two jobs. This information was not shared with the judge who issued the warrant.

The court has looked at a great number of cases where the staleness of information presented for a search warrant is argued. In the vast majority of these cases, courts have held that the information is not stale.[2] However, these cases involve ongoing criminal activity, long-running conspiracies, or proof that evidence of a much earlier crime was still present at the place to be searched.

That kind of proof is not contained in the affidavit for the search warrant. One could argue that defendant's arrests in August are evidence of ongoing illegal drug activity. But, they could also be considered evidence of a cessation of illegal drug activity, particularly in light of the taped phone conversation prior to the search.

In LaFave's treatise on this subject, it states: "Absent additional facts tending to show otherwise, a one-shot type of crime, such as a single instance of possession or sale of some form of contraband, will support a finding of probable cause only for a few days at best." 2 LaFave, SEARCH AND SEIZURE § 3.7(a) at p. 342 (1996). The affidavit in issue describes more than

---

**2.** But see, *U.S. v. Neal,* 500 F.2d 305, 309 (10th Cir.1974) (three-month old information from participant in stolen-auto ring was too stale since there was no information "from which it could be inferred that the operation continued or that the material sought to be recovered remained on the described premises.").

**1176**

a one-shot crime, but not much more. There is no indication, for instance, that defendant had recently kept a supply of drugs at his house or that he was receiving more contraband in the future or that he was continuing to use or sell illegal drugs or that it was likely that he still kept records or other evidence of drug sales at his house. On the whole, the situation presented to the court does not establish probable cause that evidence of a crime was going to be found at 632 Leland on October 19, 1999.

■ Moreover, the court does not believe the good faith exception should apply in this instance. The court does not believe an officer could have an objectively reasonable belief that the search would not violate the Fourth Amendment, knowing that shortly before the search was executed the defendant told the confidential informant that he had quit the business. There is nothing before the court to indicate that this statement from defendant was considered unbelievable. Indeed, as previously mentioned, his previous arrests provide some grounds to believe the statement.

■ "A delay in execution [of a search warrant] is constitutionally permissible only where the probable cause recited in the affidavit continues until the time of execution.... If the period of delay ... has been such that the information supplied to the magistrate no longer shows probable cause, then the search is being made upon the judgment of the police officer rather than a neutral and detached magistrate, contrary to the requirement of the Fourth Amendment." 2 LaFave, SEARCH AND SEIZURE § 4.7(a) at p. 585 and 588 (1996). We conclude that the sum of information available to the officers at the time of the search did not provide an objectively reasonable basis to believe there was probable cause for searching defendant's residence. Therefore, the good faith exception established in *Leon* does not apply.

For the above-stated reasons, defendant's motion to suppress shall be granted.

**IT IS SO ORDERED.**