**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD THOMAS SCHIRBER,

Defendant-Appellant.

No. 05-8004

(D. Wyoming)

(D.C. No. 04-CR-151-B)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In a one-count indictment, Richard Schirber was charged with being an unlawful user of a controlled substance in possession of nineteen firearms, in

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

violation of 18 U.S.C. § 922(g)(3). The district court denied his motion to suppress evidence, and he entered a conditional guilty plea. He was sentenced to twenty-one months of imprisonment and two years of supervised release. He received a $100 special assessment and a $250 fine. Mr. Schirber now timely appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Because we hold that (1) the warrant was supported by probable cause, and in the alternative (2) the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984) applies, we affirm.

## I. BACKGROUND

On February 5, 2004, a Wyoming state court judge issued a search warrant for Mr. Schirber's residence in Thermopolis, Wyoming. The search warrant authorized officers to search for controlled substances and evidence of the use or trafficking of controlled substances. The judge issued the search warrant based on an affidavit from Officer Mark Nelson of the Thermopolis Police Department.

In his affidavit, Officer Nelson set forth facts pertaining to his investigation of Mr. Schirber, information relating to the reliability of the informants he interviewed, and detailed information regarding numerous other individuals unrelated to this case. Officer Nelson stated in the affidavit that on January 19, 2004, he interviewed Chad Harris, who discussed his drug involvement during a period of time he had lived in Thermopolis. Mr. Harris's

involvement included one occasion when he purchased methamphetamine from Chad Severance in February 2003. According to Mr. Harris, Mr. Severance told him that his source was Mr. Schirber. Mr. Harris also stated that on one occasion "6 months prior to this incident," Mr. Schirber showed him a rock of methamphetamine that was "[a]pproximately the size of a [b]aseball." Rec. vol. I, doc. 31, Ex. A (Affid. of Chad Harris, dated Jan. 26, 2004).

Officer Nelson also interviewed Lahoma Martin, who had been involved in a romantic relationship with Mr. Harris. Ms. Martin admitted she used both methamphetamine and marijuana. She stated that she knew through other people involved with drugs that Mr. Schirber was a Thermopolis-based drug dealer. Ms. Martin also stated that Mr. Harris obtained methamphetamine from Mr. Severance, and that she knew of a purchase Mr. Severance made from Mr. Schirber during the summer of 2002. Ms. Martin also stated that she had used marijuana and methamphetamine with a woman named Stormy Jeffres, and that Ms. Jeffres advised Ms. Martin that she obtained her drugs through Mr. Schirber.

Officer Nelson also interviewed Jason Krueger on January 27, 2004. Mr. Krueger confirmed he frequently injected methamphetamine, and had done so with Mr. Severance. Mr. Krueger stated he purchased several grams of methamphetamine from Mr. Schirber, but he did not give specifics as to this transaction. During the eight months preceding the interview, however, Mr.

Krueger and his wife primarily used sources outside of Thermopolis. Mr. Krueger also stated that Mr. Schirber sold methamphetamine to Mr. Severance, and that he knew Mr. Schirber was associated with Dean Willenbrecht, who was bringing methamphetamine, LSD, and cocaine to town.

Officer Nelson's affidavit also included information from surveillance he and other officers performed on Mr. Schirber's residence. From January 29 to February 3, 2004, among the vehicles parked at Mr. Schirber's residence included those registered to Mr. Severance, Sherry Krueger (Mr. Krueger's spouse), and a Harold Willenbrecht.

When officers executed the warrant on February 5, 2004, they retrieved numerous pills, electronic scales, a drug kit, and nineteen firearms that were in plain view. Mr. Schirber filed a motion to suppress the evidence found during the search, claiming that (1) Officer's Nelson's affidavit did not establish probable causes for the search, and (2) the firearms should be suppressed because the warrant did not authorize a search for firearms. The district court denied the motion. It found probable cause, and in the alternative, evidence to support the application of the good faith exception to the exclusionary rule. The district court also found that the firearms were in plain view and lawfully seized. Mr. Schirber appeals only the probable cause finding.

## II. DISCUSSION

"On appeal from the denial of a motion to suppress evidence, we review the district court's factual findings for clear error, viewing the evidence in the light most favorable to the government. The district court's determination of reasonableness under the Fourth Amendment is reviewed de novo." *United States v. Cantu,* 405 F.3d 1173, 1176 (10th Cir. 2005) (citations omitted).

"Where the search or seizure was pursuant to a warrant, our review of the issuing magistrate's finding of probable cause is very deferential: Our duty is to ensure that the magistrate judge had a substantial basis for concluding that the affidavit in support of the warrant established probable cause." *United States v. Riccardi,* 405 F.3d 852, 860 (10th Cir. 2005) (internal quotation marks omitted). "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "Moreover, [e]ven if we conclude that the warrant was not supported by probable cause, we may still uphold the search if we conclude that the good-faith exception to the exclusionary rule contained in *United States v. Leon*, 468 U.S. 897 (1984) . . . applies." *Riccardi*, 405 F.3d at 860 (internal quotation marks and alterations omitted). We review de novo the applicability of the *Leon* good-faith exception. *Id.*

Mr. Schirber contends that Officer Nelson's affidavit contains insufficient evidence to support probable cause for the issuance of the warrant. The three witnesses each attested to an incident involving the sale or use of methamphetamine by Mr. Severance, and each witness mentions that Mr. Schirber was Mr. Severance's source. The record also contains Mr. Harris's statement that in the fall of 2002, Mr. Schirber showed him a large piece of methamphetamine. Drugs were purchased by Mr. Harris in February 2003, by Ms. Martin in the summer 2002, and by Mr. Krueger around April 2003. Officer Nelson submitted the application for the warrant on February 4, 2004.

The government argues the affidavit establishes that Mr. Schirber's drug activity was ongoing over a considerable period of time. The district court found that the information was "certainly not stale." Rec. vol. II, at 40. As the court noted, Officer "Nelson's affidavit contained allegations of illegal drug possession and distribution occurring over a period of months so there was evidence of ongoing and continuous criminal activity by Defendant." Rec. vol. I, doc. 36, at 5.

We acknowledge that "the determination of whether information is stale depends on the nature of the crime and the length of criminal activity, not simply the number of days that have elapsed between the facts relied upon and the issuance of the warrant." *United States v. Myers*, 106 F.3d 936, 939 (10th Cir.

1997) (concluding that a gap of five months between tip and search warrant did not render information stale when drug activities were demonstrated to be continuous and ongoing). "Where the affidavit recites a *mere isolated violation* it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant." *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir. 1972) (emphasis added).

Standing alone, the information here would be stale. *See United States v. Jardine,* 364 F.3d 1200, 1205 (10th Cir. 2004) (noting that "[t]aken alone, it is doubtful that [eight-month old] information would establish probable cause to search"), *vacated on other grounds by* 125 S. Ct. 1024 (2005); *United States v. Neal*, 500 F.2d 305, 309 (10th Cir. 1974) (three-month old information from participant in stolen-auto ring was stale since there was no information "from which it could be inferred that the operation continued or that the material sought to be recovered remained on the described premises"); 2 Wayne R. LaFave, SEARCH AND SEIZURE § 3.7(a) (4th ed. 2004) ("Absent additional facts tending to show otherwise, a one-shot type of crime, such as a single instance of possession or sale of some form of contraband, will support a finding of probable cause only for a few days at best."). We note that methamphetamine is readily moved, not

affixed to the home, and easily destroyed. *See State v. Gillespie,* 503 N.W.2d 612, 6167 (Iowa Ct. App. 1993) (taking into consideration the nature of the criminal activity, the length of the activity, and the nature of the property seized, reversing the denial of a motion to suppress given evidence of sale of methamphetamine fifty-four days before the application for the warrant). Without more, we agree with Mr. Schirber that it is doubtful that this information would establish probable cause to search his current residence.

However, unlike the majority of our cases in which probable cause is not established, the above information was not all the magistrate judge had before him when issuing the warrant. As the government notes, Mr. Harris, Mr. Krueger and Ms. Martin each gave statements against their penal interests. Moreover, the three statements "cross-corroborate" one other. For example, each statement identified Mr. Severance as someone who obtained methamphetamine from Mr. Schirber. The district court found this consistency persuasive:

> Considering the admissions of Harris and Krueger, the consistent statements about other individuals who purchased illegal drugs from the Defendant, and the subsequent surveillance of Defendant's residence, Nelson's affidavit contained a substantial basis for the finding of probable cause.

Rec. vol. I, doc. 36, at 4-5. Furthermore, the surveillance of Mr. Schirber's home provided independent corroboration of his ties with Mr. Severance. *See id.* at 5-6.

We acknowledge that other courts, when faced with aging information

concerning drug transactions have determined that such information was stale. For instance, in *United States v. Grant*, 108 F. Supp.2d 1172, 1176 (D. Kan. 2000), the district court granted the defendant's motion to suppress, finding that evidence of two sales of drugs that occurred six months and four-and-a-half months prior to the application for a warrant did not establish continuous and ongoing activity. The court noted "[t]here is no indication, for instance, that defendant had recently kept a supply of drugs at his house or that he was receiving more contraband in the future or that he was continuing to use or sell illegal drugs or that it was likely that he still kept records or other evidence of drug sales at his house." *Id.* Similarly, in *State v. Newton*, 489 S.E.2d 147, 151 (Ga. Ct. App. 1997), the appellate court noted that evidence of a single sale one month prior to the application for the warrant, standing alone, failed to create any inference that the circumstances described still existed at the time application for the warrant was made. In the case before us, however, the information regarding the drug transactions, coupled with the various methamphetamine sales, was sufficient to tip the scale in favor of deferring to the state court judge's finding that Officer's Nelson's affidavit contained a substantial basis for the finding of probable cause.

Even if we were to conclude the warrant was not supported by probable cause, we note that evidence seized pursuant to an invalid warrant need not always be suppressed. "In *Leon* [468 U.S. 897 (1984)], the Supreme Court

modified the Fourth Amendment exclusionary rule by holding that evidence seized pursuant to a search warrant later found to be invalid need not be suppressed if the executing officers acted in objectively reasonable, good-faith reliance on the warrant." *United States v. Rowland*, 145 F.3d 1194, 1206 (10th Cir. 1998). In *Leon* the Court also identified four specific situations in which an officer's reliance on a subsequently invalidated warrant could not be considered to be objectively reasonable: (1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) to contain false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and (4) when the warrant is so facially deficient that it cannot reasonably be presumed to be valid. *See Leon,* 468 U.S. at 914-923.

Here, Mr. Schirber argues that the warrant was based on a bare-boned affidavit that the officers could not have presumed to be valid. He cites a Colorado appellate court decision holding that evidence indicating two illegal drug transactions – four months old and a one month old – was too stale to support a warrant. *People v. Miller*, 75 P.3d 1108, 1115 (Colo. 2003).

In this case, the district court found in the alternative that "[e]ven if there was no probable cause, the evidence would not need to be suppressed because Nelson acted conscientiously and in good faith reliance upon the search warrant."

Rec. vol. I, doc. 36, at 6. Having reviewed the entire record de novo, *see United States v. Nolan*, 199 F.3d 1180, 1184 (10th Cir. 1999), we agree.

> In determining whether the good-faith exception should apply in a particular case, the *"inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."* *Leon*, 468 U.S. at 922 n. 23. In answering this question, the court should consider all of the circumstances and assume that the executing officers have a "reasonable knowledge of what the law prohibits." *Id.* at 919 n.20.

*Riccardi,* 405 F.3d at 863 (emphasis added).

Here, the affidavit indicated several people were aware of Mr. Schirber's activities, and the affidavit indicated that police surveillance confirmed the association of an alleged purchaser of drugs with Mr. Schirber only days before the warrant's execution. There is no evidence that the officers were unreasonable when they relied upon the issuance of the warrant. Furthermore there is no suggestion that the officers were involved in any misconduct in the application for or the execution of the warrant. "As the Court stated in *Leon*, the exclusionary rule should only be applied in those unusual cases when its purpose, to deter police misconduct, will be furthered." *Rowland*, 145 F.3d at 1208. Here, Officer Nelson acted promptly upon receiving the information contained in his affidavit, and there is no indication that he acted with reckless disregard for the

truth. Officer Nelson's reliance upon the warrant was objectively reasonable. The good-faith exception under *Leon* applies.[1]

## III. CONCLUSION

The district court properly denied Mr. Schirber's motion to suppress evidence obtained through the search of his residence, and we AFFIRM his conviction.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1] Although we could have simply affirmed the district court on the basis of the good faith exception, we recognize that "the policy of avoiding 'freezing' Fourth Amendment jurisprudence, discussed by the Court in *Leon*, compels us in this case to resolve the constitutional issue" so that magistrate judges and law enforcement officers are given some guidance in their decisionmaking. *United States v. Dahlman*, 13 F.3d 1391, 1398 (10th Cir 1993); *see Leon*, 468 U.S. at 924-925.